IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT AND FRANCES DOSSETT<br>Plaintiffs,<br><br>v.<br><br>OCCIDENTAL FIRE & CASUALTY<br>COMPANY OF NORTH CAROLINA<br>Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO._____<br>§           JURY DEMANDED<br>§<br>§<br>§<br>§ |

## DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental"), in Cause No. 2019-74581, pending in the 125th District Court of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and respectfully shows:

### I. FACTUAL BACKGROUND

1.1    On or about October 10, 2019, Plaintiffs filed their Original Petition in the matter styled *Robert and Frances Dossett v. Occidental Fire and Casualty Company and Brent Chappell*, in the 125th District Court of Harris County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.

1.2    Plaintiffs served Occidental with process and Plaintiffs' Original Petition on October 17, 2019.

1

1.3     Plaintiffs' Original Petition states "On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area." *See* Pls.' Original Pet. at ¶ 11.

1.4     Plaintiffs allege that "[b]ased upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Occidental failed to provide full coverage due under the Policy." *Id.* at ¶ 21. Plaintiffs' petition alleges breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and fraud against Defendant Occidental. *Id.* at ¶¶ 31-54.

1.5     The Index of Matters Being Filed is attached as Exhibit A to this notice of removal. A copy of the Harris County Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders. The Designation of Counsel is attached as Exhibit C.

## II. BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

**A.     Complete diversity exists between Plaintiffs and Occidental.**

2.2     At the time the lawsuit was filed, Plaintiffs were residents of the State of Texas. *See* Pls.' Original Pet. at ¶ 2.

2.3     Defendant Occidental Fire & Casualty Company of North Carolina is incorporated as a North Carolina-domiciled insurance company and has its principal place of business in North Carolina. Accordingly, Occidental is not a citizen of Texas.

2.4     Defendant Brent Chappell was non-suited by Plaintiffs before the

removal.

    2.5    Because Plaintiffs are citizens of Texas and Occidental, a foreign defendant, is the only defendant in this action, there is complete diversity between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.**    **The amount of damages prayed for by Plaintiffs exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

    2.6    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

    2.7    In their Petition, Plaintiffs do not state a specific dollar-amount for the value of its alleged damages. *See generally* Pls.' Original Pet. Instead, Plaintiffs state that they seek "only monetary relief of $100,000 or less" and add the caveat that "this statement…is made only for the purposes of compliance with Tex. R. Civ. P. 47." *Id.* at ¶ 89. They have therefore failed to establish to a "legal certainty" that their damages will not exceed the jurisdictional limit. *See De Aguilar*, 47 F.3d at 1411-12; *see also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (holding that a binding stipulation as to the amount in controversy must state that the plaintiff will not "seek or accept" an amount greater than the jurisdictional limit); *Williams v. Companion Prop. & Cas. Ins. Co.*, Civ. Action No. A. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (same). Therefore, Occidental can secure removal if it "show[s] by a preponderance of the evidence

3

that the amount in controversy is greater than the jurisdictional limit." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

2.8   Here, Plaintiffs' petition establishes that the amount-in-controversy in this case exceeds $75,000. Although Plaintiffs do not plead a specific dollar amount for their alleged damages, Plaintiffs do assert that that damages sought are within the jurisdictional limit of the court in which the petition was filed. *See* Pl.'s Original Pet. at ¶ 89. More importantly, the damages sought in Plaintiffs' petition show that the amount in controversy is more than $75,000. For example, Plaintiffs allege that Defendant acted knowingly and they seek, among other damages, actual damages, treble damages, exemplary damages, penalties, punitive damages and attorney's fees. *See* Pl.'s Original Pet. at ¶¶ 77-89. Further, while Plaintiffs do state in their petition that "the amount in controversy does not exceed $75,000 *at this time*," they make no stipulation that they will accept no more than $75,000. *See* Pl.'s Original Pet. at ¶ 89 (emphasis added). Based on its own pleadings, Plaintiff cannot credibly deny that its claims are worth more than $75,000. Any such claim would be a blatant attempt to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1410.

2.9   Because a preponderance of evidence shows that the amount in controversy exceeds the jurisdictional requirements, Defendant Occidental has established that this case qualifies for removal to federal court. *See* 28 U.S.C. §1332(a).

### III.   THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Occidental was first served with Plaintiffs' Original Petition and process on October 17, 2019. By filing its Notice on this day, November 15, 2019, Defendant Occidental files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Occidental files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County Court, promptly after Occidental files this Notice.

## IV. **CONCLUSION**

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Occidental Fire & Casualty Company of North Carolina hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: */s/ Mikell A. West*
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com

**ATTORNEY FOR OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

## CERTIFICATE OF SERVICE

I, Mikell A. West, certify that on November 15, 2019, a copy of Defendant Occidental Fire & Casualty Company of North Carolina's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorneys in charge for Plaintiffs Robert and Frances Dossett:

**VIA CM/RRR #7017 3040 0000 6511 3286**
Chad T. Wilson
Amanda J. Fulton
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598

>                         */s/ Mikell A. West*
>                         Mikell A. West