# EXHIBIT

# B

10/10/2019 1:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37553367
By: D Burton
Filed: 10/10/2019 1:41 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY AND BRENT | § | |
| CHAPPELL, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

---

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert and Frances Dossett, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Occidental Fire and Casualty Insurance Company ("Occidental") and Brent Chappell ("Chappell") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.       Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.       Plaintiffs, Robert and Frances Dossett, reside in Harris County, Texas.

3.       Defendant, Occidental Fire and Casualty Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Occidental through its registered agent for service:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

4.       Defendant Brent Chappell is an individual resident of Spring, Texas.  Chappell may be

served with citation at the address listed with the Texas Department of Insurance:

**91 W. Horizon Ridge PL, Spring, Texas 77381-4786.** Plaintiffs request service at this time.

**JURISDICTION**

5.    The Court has jurisdiction over Occidental because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Occidental's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Chappell because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

**VENUE**

7.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

8.    Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiffs own an Occidental Fire and Casualty Insurance Company homeowner's insurance policy, number TXH162992901 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 2722 Durban Drive Houston, Texas 77043 ("the Property").

10.   Occidental or its agent sold the Policy, insuring the Property, to Plaintiffs.  Occidental or

2

its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Occidental has refused the full extent of that coverage currently owed to Plaintiffs.

11. On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Occidental against the Policy for damage to the Property. Occidental assigned claim number 629929397550 to Plaintiffs' claim.

13. Plaintiffs asked Occidental to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but not limited to, the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

15. Occidental assigned or hired Chappell to adjust the claim.

   a. Chappell had a vested interest in undervaluing the claims assigned to him by Occidental in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Chappell. The valuation of damages that were included in Chappell's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Chappell.

   b. Furthermore, Chappell was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Chappell had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

   c. Chappell made misrepresentations as to the amount of damage Plaintiffs' Property

3

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d.   Chappell made further misrepresentations to Plaintiffs during his inspection. Chappell used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.    Occidental, through its agents, namely Chappell, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    The initial adjustment of the claim occurred on or around May 14, 2019. Chappell found that there was no damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19.    To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $19,625.

20.    Since due demand was made on July 31, 2019, Occidental has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Occidental failed to provide full coverage due under the Policy.

4

Certified Document Number: 87548696 - Page 4 of 19

22.   As a result of Occidental's failure to provide full coverage, along with Occidental's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23.   Occidental failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Occidental refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Occidental and Plaintiffs.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy.  Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, Occidental, through its agents, servants, and representatives, namely Chappell, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

5

Certified Document Number: 87548696 - Page 5 of 19

28.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

30.    Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## OCCIDENTAL FIRE AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

31.    All allegations above are incorporated herein.

32.    Occidental is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Occidental and Plaintiffs.

33.    Occidental's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

Certified Document Number: 87548696 - Page 6 of 19

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34.  All allegations above are incorporated herein.

35.  Occidental's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.  Occidental's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.  Occidental's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.  Occidental's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.  Occidental's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.  Occidental's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

Certified Document Number: 87548696 - Page 7 of 19

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

41.    All allegations above are incorporated herein.

42.    Occidental's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.    Occidental's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.    Occidental's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.    All allegations above are incorporated herein.

46.    Occidental's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.    Occidental's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Occidental knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.    All allegations above are incorporated herein.

49.    Occidental's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers

8

of goods and services provided by Occidental pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Occidental. Specifically, OCCIDENTAL's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Occidental has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Occidental's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Occidental represented to Plaintiffs that the Policy and Occidental's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Occidental also represented to Plaintiffs that the Policy and Occidental's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Occidental advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Occidental breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Occidental's actions are unconscionable in that Occidental took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

9

Occidental's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Occidental's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Occidental is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.   All allegations above are incorporated herein.

52.   Occidental is liable to Plaintiffs for common-law fraud.

53.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Occidental knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   Occidental made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT BRENT CHAPPELL

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.   All allegations above are incorporated herein.

56.   Chappell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.   Chappell is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of OCCIDENTAL, because Chappell is a "person," as defined by TEX. INS. CODE §541.002(2).

58.   Chappell knowingly underestimated the amount of damage to the Property.  As such, Chappell failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, Chappell did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   Chappell's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   Chappell's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Chappell's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Chappell pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bringing this cause of action against Chappell. Specifically, Chappell's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Chappell has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Chappell's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.      Chappell represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.      Chappell represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Chappell's actions are unconscionable in that Chappell took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Chappell's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Chappell's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.     Each of Chappell's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and

Certified Document Number: 87548696 - Page 12 of 19

"intentionally" by Chappell, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

### FRAUD

65.　All allegations above are incorporated herein.

66.　Occidental assigned or hired Chappell to adjust the claim.

    a.　Chappell had a vested interest in undervaluing the claims assigned to him by Occidental in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Chappell. The valuation of damages that were included in Chappell's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Chappell.

    b.　Furthermore, Chappell was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Chappell had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.　Chappell made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

    d.　Chappell made further misrepresentations to Plaintiffs during his inspection. Chappell used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear,

Certified Document Number: 87548696 - Page 13 of 19

13

damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

67. All allegations above are incorporated herein.

68. Chappell was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

 a. Failure to conduct a reasonable inspection;

 b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

 c. Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

 d. Failure to identify the cost of proper repairs to Plaintiffs' Property; and

 e. Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

69. Chappell's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70. At all relevant times, Chappell was an agent or employee of Defendant OCCIDENTAL.

71. Chappell's unreasonable inspection was performed within the course and scope of his duties with Defendant OCCIDENTAL. Therefore, OCCIDENTAL is also liable for the negligence of Chappell through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Chappell's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

Certified Document Number: 87548696 - Page 14 of 19

Certified Document Number: 87548696 - Page 15 of 19

a.  Chappell's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

b.  Chappell had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.  Chappell intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of OCCIDENTAL. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

**KNOWLEDGE**

75.  Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

**WAIVER AND ESTOPPEL**

76.  Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

77.  Since the claim was made, OCCIDENTAL has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue

hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.   Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

79.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81.   The damage to Plaintiffs' Property is currently estimated at $19,625.

82.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.   For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money OCCIDENTAL owed, and exemplary damages.

85.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the

88.    reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

89.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

90.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

91.    Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Occidental Fire and Casualty Insurance Company and Brent Chappell, be cited and served to appear, and that upon trial hereof, Plaintiffs, Robert and Frances Dossett, have and recovers from Defendants, Occidental Fire and Casualty Insurance Company and Brent Chappell, such sums as would reasonably and justly

Certified Document Number: 87548696 - Page 18 of 19

compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Robert and Frances Dossett, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87548696 Total Pages:  19

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/10/2019 1:41:45 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37553367
By: BURTON, DANCHELLE
Filed: 10/10/2019 1:41:45 PM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: October 9, 2019

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to: **Occidental Fire & Casualty Insurance Company**
Address of Service: **1999 Bryan Street, Suite 900**
City, State & Zip: **Dallas, Texas 75201-3136**

Issue Service to: **Brent Chappell**
Address of Service: **91 W. Horizon Ridge PL**
City, State & Zip: **Spring, Texas 77381**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias (not an E-Issuance)** | | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)**_____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **CONSTABLE**
☐ **MAIL to attorney    at:**_____

☐ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:)** **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
**Phone: (469) 291-5005**

☐ **OTHER**, *email dbullock@cwilsonlaw.com*

Certified Document Number: 87548697 - Page 1 of 2

Issuance of Service Requested By: Attorney/Party Name:  **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Certified Document Number: 87548697 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87548697 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 |
www.hcdistrictclerk.com

COPY OF PLEADING PROVIDED BY PLTD.

ENTERED
VERIFIED

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2019-74581

ATY__X__          CIV_____          COURT 125

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: WILSON, CHAD          PH: 832-415-1432 |
| *CIVIL PROCESS SERVER: LDM PROCESS SERVICE          BOX: |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: |

Type of Service Document CITATION          Tracking Number 73684678
Type of Service Document: CITATION          Tracking Number 73684501
Type of Service Document:          Tracking Number
Type of Service Document:          Tracking Number

## Process papers prepared by: **Danchelle Burton**

### Date: 10/10 /2019     30 days waiting: 11/10/2019

*Process papers released to: SEAN HOLLENBECK
(PRINT NAME)

713-269-0403
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: I. Collins
(PRINT NAME)

J. Collins
(SIGNATURE)

* Date: 10/14 , 2019  Time: _____ AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

Certified Document Number: 87596722 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87596722 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/21/2019 12:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37814909
By: JIMMY RODRIGUEZ
Filed: 10/21/2019 12:04 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.   201974581

RECEIPT NO.                  0.00        ATY
            **********      TR # 73684501

| | |
|---|---|
| PLAINTIFF: DOSSETT, ROBERT<br>vs.<br>DEFENDANT: CHAPPELL, BRENT | In The   125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OCCIDENTAL FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS REGISTERED AGENT FOR SERVICE CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 10th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: BURTON, DANCHELLE  IT6//11353467

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __12__ o'clock __P__ .M., on the __11__ day of __october__ , _____ .

Executed at (address) 1999 Bryan st 900 dallas tx _____ in

__dallas__ County at __1015__ o'clock __A__ .M., on the __17__ day of __october__,

__2019__, by delivering to __occidental fire and casualty ins CO__ defendant, in person, a
__Bona et ceso systems__

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____ .

FEE: $ 75

_____

_____ of _____ County, Texas

Patricia J. Halstead 11623 B 30     By _____
            Affiant                              Deputy

On this day, __Patrise Halstead__ , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this __21__ day of __October__ __2019__.

_____
            Notary Public

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-202
Notary ID 1293

N.INT.CIT.P                                    *73684501*

Certified Document Number: 87707401 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87707401 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/21/2019 12:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37817158
By: JIMMY RODRIGUEZ
Filed: 10/21/2019 12:47 PM

CAUSE NO. 2019-74581

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY AND BRENT | § | |
| CHAPPELL, | § | |
| | § | |
| *Defendants.* | § | 125th DISTRICT COURT |

## PLAINTIFFS' MOTION FOR NON-SUIT WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Robert and Frances Dossett, ("Plaintiffs"), and file their Motion for Non-Suit with Prejudice and respectfully requests that the Court dismiss with prejudice all of Plaintiffs' claims against Defendant, Brent Chappell.

WHEREFORE, PREMISES CONSIDERED Plaintiffs request that the Court grant this Motion for Non-Suit with Prejudice.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24072283
455 East Medical Center Blvd., Suite 555
Houston, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Certified Document Number: 87707□50 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:       87707650 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/21/2019 12:47:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37817158
By: RODRIGUEZ, JIMMY E
Filed: 10/21/2019 12:47:46 PM

CAUSE NO. 2019-74581

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY AND BRENT | § | |
| CHAPPELL, | § | |
| | § | |
| *Defendants.* | § | 125th DISTRICT COURT |

## PLAINTIFFS' ORDER OF NON-SUIT WITH PREJUDICE

On the day of _____, 2019, came before the Court the Plaintiff's Motion for Non-Suit with Prejudice. The Court having found that everything is in order, hereby:

ORDERS, ADJUDGES, AND DECREE that all claims by Plaintiffs, Robert and Frances Dossett, against Brent Chappell, are hereby NON-SUITED WITH PREJUDICE. All taxable court costs shall be assessed against the party incurring same.

Signed on this ___day of ___, 2019

_____
PRESIDING JUDGE



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87707651 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

COPY OF PLEADING PROVIDED BY PLTD.

10/21/2019 6:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37837562
By: JIMMY RODRIGUEZ
Filed: 10/21/2019 6:32 PM

CAUSE NO.  201974581

| RECEIPT NO. | 0.00 | CIV |
|---|---|---|
| ********** | TR # 73684678 | |

PLAINTIFF: DOSSETT, ROBERT
            vs.
DEFENDANT: CHAPPELL, BRENT

In The   125th
Judicial District Court
of Harris County, Texas
125TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: CHAPPELL, BRENT
    TEXAS DEPARTMENT OF INSURANCE
    91  W HORIZION RIDGE PL    SPRING TX  77381 - 4786
    Attached is a copy of ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 10th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 11th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: BURTON, DANCHELLE  IT6//11353467

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _1:04_ o'clock _P_.M., on the _18_ day of _October_, _2019_.

Executed at (address) _91 W Horizin Ridge Pl, Spring, TX 77381_ in

_Montgomery_ County at _4:20_ o'clock _p_.M., on the _18_ day of _October_,

_2019_, by delivering to _Brent Chappell_ defendant, in person, a

true copy of this Citation together with the accompanying _1_ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _18_ day of _October_, _2019_.

FEE: $ _____

                              _William Davis_
                           of _Montgomery_ County, Texas

_PSC 17104 EX 9/31/21_
    Affiant                       By _____
                                       Deputy

On this day, _William Davis_ _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _18_ day of _October_, _2019_.

                                  Notary Public

PAMELA RENEE HALL
Notary Public, State of Texas
Comm. Expires 06-18-2021
Notary ID 125365941

N.INT.CITR.P                         *73684678*

Certified Document Number: 87720434 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   <u>November 13, 2019</u>

Certified Document Number:      <u>87720434 Total Pages:  1</u>

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/21/2019 12:47:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37817158
By: RODRIGUEZ, JIMMY E
Filed: 10/21/2019 12:47:46 PM

CAUSE NO. 2019-74581

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY AND BRENT | § | |
| CHAPPELL, | § | |
| | § | |
| *Defendants.* | § | 125th DISTRICT COURT |

## PLAINTIFFS' ORDER OF NON-SUIT WITH PREJUDICE

On the day of _____, 2019, came before the Court the Plaintiff's Motion for Non-Suit with Prejudice. The Court having found that everything is in order, hereby:

ORDERS, ADJUDGES, AND DECREE that all claims by Plaintiffs, Robert and Frances Dossett, against Brent Chappell, are hereby NON-SUITED WITH PREJUDICE. All taxable court costs shall be assessed against the party incurring same.

Signed on this ___ day of ___, 2019

Signed:
10/21/2019

_____
PRESIDING JUDGE



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87723706 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Certified Document Number: 87807838 - Page 1 of 1

```
CRT - 125 CASE - 201974581              *
DOSSETT, ROBERT                         *
                  VS                    *
CHAPPELL, BRENT                         *
BE ADVISED ON   10/21/2019      THE     *
FOLLOWING ACTIVITY OCCURRED.            *
ORDER OF PARTIAL NONSUIT                *
SIGNED                                  *  OCCIDENTAL FIRE AND CASUA
AS TO THE FOLLOWING PARTIES -           *
OCCIDENTAL FIRE AND CAS                 *
                                        *
                                        *
                                        *
                                        *
                                        *
                                        *
                                        *
                                        *
MARILYN BURGESS                         *
DISTRICT CLERK, HARRIS COUNTY           *
```

FILED
Marilyn Burgess
District Clerk
10-24-19   OCT 2 4 2019
Time: 3:20
Harris County, Texas
By _____ Deputy



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87807838 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/11/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38376485
By: JIMMY RODRIGUEZ
Filed: 11/11/2019 8:59 AM

CAUSE NO. 2019-74581

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

**DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, misnamed as "Occidental Fire & Casualty Insurance Company," Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

under the Texas Insurance Code and Texas Business & Commerce Code.  TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit.  Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Certified Document Number: 88025517 - Page 2 of 4

6.

Requests for Disclosure

At the time required by law or the Rules, the Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
      Mikell A. West
      State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

Certified Document Number: 88025517 - Page 3 of 4

## <u>CERTIFICATE OF SERVICE</u>

       I, Mikell A. West, hereby certify that on the 11th day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Chad T. Wilson
Amanda J. Fulton
Chad T. Wilson Law Firm, PLLC
Email: eservice@cwilsonlaw.com; cwilson@cwilsonlaw.com; afulton@cwilsonlaw.com

**VIA E-FILING**

                                      */s/ Mikell A. West*
                                        Mikell A. West

Certified Document Number: 88025517 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:      88025517 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/11/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38376485
By: JIMMY RODRIGUEZ
Filed: 11/11/2019 8:59 AM

CAUSE NO. 2019-74581

| | | |
|---|---|---|
| ROBERT AND FRANCES DOSSETT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, misnamed as "Occidental Fire & Casualty Insurance Company," Defendant in the above-referenced cause, and demands a trial by jury. The jury fee was previously paid by Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: /s/ Mikell A. West
       Mikell A. West
       State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

Certified Document Number: 88025518 - Page 1 of 2

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 11th day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiffs</u>*
Chad T. Wilson
Amanda J. Fulton
Chad T. Wilson Law Firm, PLLC
Email: <u>eservice@cwilsonlaw.com</u>; <u>cwilson@cwilsonlaw.com</u>; <u>afulton@cwilsonlaw.com</u>

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

DOSSETT/OFCC – JD - PAGE **2** OF **2**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        88025518 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com